UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 4:89-94(DSD)

United States of America,

       Plaintiff,

v.  **ORDER**

Ralph Chavous Duke,

       Defendant.

This matter is before the court upon the motion by defendant Ralph Chavous Duke to vacate his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

In 1989, a jury convicted Duke of eleven drug trafficking and firearm offenses.[1] The court sentenced Duke to life imprisonment

---

[1] The counts of conviction are as follows: engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (count 1); aiding and abetting the attempt to possess with intent to distribute twenty kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (count 2); aiding and abetting possession with intent to distribute smaller quantities of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (counts 4-8); using or carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (counts 28-30); and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (count 32).

plus forty years, to be served consecutively. The court later vacated count 1 after the Eighth Circuit determined that the convictions on counts 1 and 32 violated the Double Jeopardy Clause. See United States v. Duke, 940 F.2d 1113, 1120 (8th Cir. 1991). On remand, the court re-imposed the original sentence.

In 2016, the court determined that Duke was eligible for a two-level decrease in his base offense level for the drug offenses under a retroactive amendment to the sentencing guidelines. The court reduced Duke's sentence to 365 months plus 40 years, to be served consecutively.

In 2017, Duke moved for relief under 28 U.S.C. § 2241 in the Central District of Illinois, the district in which he was incarcerated. The Illinois court determined that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), mandated vacatur of Duke's firearm convictions (counts 28, 29, 30). See Duke v. Thompson, No. 17-cv-1024, 2017 WL 4397950 (C.D. Ill. Sept. 29, 2017). The court then transferred the case to the District of Minnesota for resentencing.

On resentencing, this court determined that Duke's advisory guideline range was 360 months to life imprisonment.[2] The court

---

[2] The court ordered and relied on an updated presentence investigation report in determining the amended guidelines range

2

resentenced him to life imprisonment of counts 2 and 32 and forty years on counts 4-8, all to be served concurrently. Duke appealed and the Eighth Circuit affirmed. See United States v. Duke, 932 F.3d 1056 (2019).

Duke now moves to vacate his new sentence under 28 U.S.C. § 2255, arguing, first, that his counsel was ineffective for not contesting the court's jurisdiction to resentence him and, second, that the sentence violates the Double Jeopardy Clause. The government opposes the motion.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted

---

and appropriate sentence.

as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because Duke's claims are legally meritless.

## I. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, Duke must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Duke must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Duke argues that his counsel was ineffective in failing to contest the court's jurisdiction to resentence him. The Eighth Circuit recently rejected this same jurisdictional argument.

In United States v. Cox, 766 Fed. App'x 423 (8th Cir. 2019), vacated on other grounds by Cox v. United States, 140 S. Ct. 396 (2019), Cox was originally sentenced in the Western District of

Missouri.  He later filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Central District of Illinois.  The Illinois court granted the petition, vacated certain aspects of Cox's sentence, and ordered Cox transported to the Western District of Missouri for resentencing.  See Cox v. Krueger, No. 17-1099, 2017 WL 4706898, at *5 (C.D. Ill. Oct. 19, 2017).  The Western District of Missouri resentenced Cox to 966 months' imprisonment. Cox, 766 Fed. App'x at 425.  Cox appealed to the Eighth Circuit arguing, among other things, that the Western District of Missouri lacked jurisdiction to resentence him.  The court disagreed, reasoning that 28 U.S.C. § 2243 authorizes a court hearing a § 2241 petition to "dispose of the matter as law and justice require" and that such authorization includes the ability to direct the original sentencing court to conduct the resentencing.  Id.  Given Cox, the court concludes that it had jurisdiction to resentence Duke at the direction of the Illinois court.

Because this court had jurisdiction to resentence Duke, Duke's counsel was not ineffective in failing to challenge jurisdiction. As a result, the court must deny this basis for relief.

## II. Double Jeopardy

Duke next argues that court's sentence violated the Double Jeopardy Clause because he had already discharged his sentence on the drug counts at the time of resentencing and had only the now-vacated firearm counts left to serve. He contends that the court's decision to resentence him on the drug counts effectively constitutes a double sentence on those counts. This argument has also been rejected by the Eighth Circuit, most similarly in United States v. Alton, 120 F.3d 114 (8th Cir. 1997). In that case, Alton was sentenced to sixty months for drug trafficking and five consecutive years for possessing a firearm in connection with drug trafficking. Alton, 120 F.3d at 115. As here, the district court determined that Bailey v. United States, 516 U.S. 137 (1995), mandated vacatur of the firearm conviction. Id.

Over Alton's objections, the district court resentenced him to sixty-five months' imprisonment on the drug trafficking conviction. Id. at 116. On appeal, Alton argued that the Double Jeopardy Clause precluded resentencing because he had already served the sixty-month sentence for the drug trafficking conviction. Id. The Eighth Circuit disagreed:

> First, Alton's sentence on the drug charge had not expired, because he was still in custody and subject to supervised release on that charge at the end of his imprisonment on the § 924(c) count. Second, the

6

consecutive sentences for the related drug and firearm charges constituted a unified sentencing package. "When a prisoner collaterally attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively craft the manner in which the court corrects that judgment."

Id. (quoting Gardiner v. United States, 114 F.3d 734, 736 (8th Cir. 1997)); see also United States v. McArthur, 850 F.3d 925, 943 (8th Cir. 2017) ("[T]he Double Jeopardy Clause 'does not bar resentencing on all counts to carry out the sentencing judge's original intent.'") (quoting United States v. Evans, 314 F.3d 329, 333 (8th Cir. 2002)); United States v. Harrison, 113 F.3d 135, 138 (8th Cir. 1997) ("Because the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent.").

Nothing material distinguishes Alton from this case, and the same result must follow. The court therefore must also deny this basis for relief.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires

7

a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Duke's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate pursuant to 28 U.S.C. § 2255 [ECF No. 303] is denied; and

2. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 4, 2020

s/David S. Doty  
David S. Doty, Judge  
United States District Court
