UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 4:89-94(DSD)

United States of America,

      Plaintiff,

v.                                                      **ORDER**

Ralph Chavous Duke,

      Defendant.


    This matter is before the court upon defendant Ralph Chavous Duke's pro se motion for compassionate release under 18 U.S.C. § 3582. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.


**BACKGROUND**

    In 1989, a jury convicted Duke of numerous drug trafficking and firearm offenses. The court sentenced Duke to life imprisonment plus forty years, to be served consecutively. The court later vacated count 1 after the Eighth Circuit determined that the convictions on counts 1 and 32 violated the Double Jeopardy Clause. See United States v. Duke, 940 F.2d 1113, 1120 (8th Cir. 1991). On remand, the court re-imposed the original sentence.

    In 2016, the court determined that Duke was eligible for a two-level decrease in his base offense level for the drug offenses

under a retroactive amendment to the sentencing guidelines.   The court reduced his sentence to 365 months plus 40 years, to be served consecutively.

In 2017, Duke moved for relief under 28 U.S.C. § 2241 in the Central District of Illinois, the district in which he was incarcerated.   The Illinois court determined that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), mandated vacatur of Duke's firearm convictions (counts 28, 29, 30). See Duke v. Thompson, No. 17-cv-1024, 2017 WL 4397950 (C.D. Ill. Sept. 29, 2017).   The court then transferred the case to the District of Minnesota for resentencing.

The court resentenced him to life imprisonment on counts 2 and 32 and forty years on counts 4-8, all to be served concurrently.   Duke appealed and the Eighth Circuit affirmed.   See United States v. Duke, 932 F.3d 1056 (2019).   Duke then moved to vacate his new sentence under 28 U.S.C. § 2255.   The court denied the motion.

On April 20, 2020, Duke requested release from the warden of his facility – FCI-Pekin – based on his health and advanced age. ECF No. 311, at 1.   The warden denied the request. Id. at 2.   No inmates at FCI- Pekin are currently infected with the virus and one staff member has tested positive for COVID-19.   See https://www.bop.gov.coronavirus (last updated July 28, 2021). Duke has been offered the COVID-19 vaccine but has declined.   ECF

2

No. 316, at 158.  He cites no medical reason for doing so.  His medical records indicate that he contracted COVID-19 in October 2020, was asymptomatic, and recovered without incident.  Id. at 85, 92-94.

Duke now moves for compassionate release, arguing that his age and medical conditions – obesity and diabetes or immunocompromised, among other less concerning diagnoses - are extraordinary and compelling reasons warranting his release from imprisonment.[1]  The government opposes the motion.

## DISCUSSION

The First Step Act allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The court has carefully reviewed the submissions by the parties and finds that Duke has not established that "extraordinary and compelling reasons" warrant his release under the First Step Act. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted

---

[1]  The court is in receipt of letters and a petition in support of his release.  Although the court is pleased to know that he has support from family and friends, it does not bear on the court's legal analysis.

3

under § 3582.  Among them includes "suffering from a serious physical or mental condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. 1(A).  In addition, age may warrant a reduction in sentence if the defendant "(i) is that least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. § 1B1.13, cmt. 1(B).

As to his medical condition, the court understands Duke's concerns regarding the risk of contracting COVID-19 again. However, Duke's own experience shows that the BOP is prepared to handle any potential future infection properly.  Indeed, the BOP appears to have done so when Duke tested positive and was able to recover without incident.  Moreover, now that the vaccination is offered in the federal prison system, outbreaks have decreased. Indeed, FCI-Pekin currently has no COVID cases among inmates.  If Duke wants to place himself in the best position to avoid contracting the virus – or of becoming seriously ill should a breakthrough infection occur – he should reconsider the BOP's vaccination offer as it is currently the most effective way to

protect against the virus.  The court certainly will not reward his decision to decline the vaccine with a sentence reduction.

Under these circumstances, Duke has not established that he is incapable of providing self-care while in prison or in the event he contracts the virus again.  As a result, Duke's health does not provide a basis for compassionate release.

Nor does Duke's advanced age compel the court to a different conclusion.  Although he is 75 years old and has served more than 10 years of his sentence, he has not established that he is experiencing a serious deterioration in physical or mental health because of the aging process.

Even if he could meet the criteria set forth in U.S.S.G. § 1B1.13(1), the court is not amenable to reducing his sentence. Specifically, the court finds that Duke would pose a danger to the community if he were to be released given the nature of his crimes of conviction.  See U.S.S.G. § 1B1.13(2) (providing that the court must deny a sentence reduction unless it determines the Defendant "is not a danger to the safety of any other person or to the community").

Likewise, a reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Duke's history and characteristics.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion for compassionate release [ECF No. 310] is denied.

Dated: July 29, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court